IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3068 |
| vs. | |
| GABRIEL ANTONIO PENA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has filed a final motion for downward departure/variance (filing 30) and objected to several aspects of the RSPR (filing 31).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has made several objections to the drug quantities attributed to the defendant in the RPSR. Filing 31 at 1. Specifically, the defendant claims that before he entered his guilty plea, "Counsel for the parties determined that the quantity attributable to the Defendant was at least 40 grams but less than 50 grams of methamphetamine." Filing 31 at 2. That drug quantity results in a base level of 22 under U.S.S.G. § 2D.1.1. The RPSR, however, attributes 578.51 grams of methamphetamine to the defendant—resulting in a base offense level of 30. RPSR at 7.

The Court notes that the parties do not have a written plea agreement. Filing 28 at 11. At the defendant's change of plea hearing, there was some disagreement as to what oral promises had been made. Ultimately, the only oral agreement noted by the parties was the government's statement that it would not file an Information on the defendant's prior felony drug conviction—meaning that his sentence would not be subject to enhancement on that basis—because such an information was have to have been filed before the defendant pleaded guilty. Filing 28 at 11-13. No oral agreement regarding the drug quantity attributable to the defendant was made at that time, and the government expressly stated, before the defendant pleaded guilty, that "there's no plea agreement . . . not even oral." *See* filing 28 at 11-14. The Court also notes that despite his contention that "[c]ounsel for the parties determined that the quantity attributable to the Defendant was at least 40 grams but less than 50 grams of methamphetamine," the defendant nonetheless pleaded guilty to a charge of conspiring to distribute 50 grams or more of methamphetamine. *See* filing 1; filing 28 at 16.

Regardless, when the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). The Court will resolve this issue at sentencing.

The defendant has also filed a motion for variance (filing 30) asking the Court to vary from the Guidelines range based on his personal circumstances under 18 U.S.C. §3553(a). *See* filing 30 at 1. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge